■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL DUBINGTON, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent. — HERLIHY, P. J. The defendant was sentenced, upon his plea of guilty, for attempted violation of subdivision 2 of section 1751 of the Penal Law, which is possession of a narcotic with intent to sell. The defendant was indicted for a violation of the Public Health Law with respect to narcotic drugs, as a felony. At the time (March 23, 1965) the defendant withdrew his plea of not guilty he entered a plea of guilty "to the crime of attempted possession of narcotic drugs as a felony to *cover this indictment*". Approximately two months thereafter (May 18, 1965) he was brought before the court for sentencing and the court, after carefully advising and questioning the defendant as to his guilty plea, stated: "This defendant was indicted for violation of the Public Health Law with respect to narcotic drugs, a felony, two counts. He pleaded guilty on the 23rd of March, 1965, to attempted violation of 1751

subdivision 2 of the Penal Law, as a felony." From this colloquy it is, to say the least, difficult to understand how on August 18, 1969 (date of petition) the defendant, who raised no objection at the time, now contends that he was pleading to a different subdivision of section 1751. He was represented by counsel at the time of his plea and sentence; his rights were fully and carefully explained to him and it is clear that his attorney knew that his client was pleading to a felony. There is no merit to the other alleged errors, particularly as to his being properly sentenced as a second offender. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Herlihy, P. J.